**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 10-1810
_____

UNITED STATES OF AMERICA

v.

JOSEPH AITORO,

Appellant.
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Criminal No. 1:08-cr-00852-001)
District Judge: Honorable Jerome B. Simandle
_____

Submitted Under Third Circuit LAR 34.1(a)
November 19, 2010

Before:   BARRY, CHAGARES, and VANASKIE, Circuit Judges.

(Filed: December 8, 2010)
_____

OPINION OF THE COURT
_____

VANASKIE, Circuit Judge.

Joseph Aitoro ("Aitoro") appeals his sentence imposed after he pleaded no contest to a violation of supervised release. Aitoro's counsel has moved for permission to withdraw from representation, and has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), and Third Circuit Local Appellate Rule ("LAR") 109.2(a), certifying the absence of any issues with arguable merit. We have jurisdiction under 28 U.S.C. 1291 and 18 U.S.C. § 3583(e). For the reasons that follow, we will grant counsel's motion to withdraw and affirm Aitoro's sentence.

## I.

This matter arises out of the revocation of Aitoro's supervised release following the completion of his prison term on convictions on two counts of illegal possession of a firearm and ammunition by a convicted felon, in violation of 18 U.S.C. § 922(g)(1), and two counts of possession with intent to distribute a controlled substance, in violation of 21 U.S.C. § 841(b)(1)(B). Aitoro was sentenced to four concurrent sentences, one for each count of conviction, in the District of Massachusetts. He was released from custody and began his court-ordered term of supervised release on November 5, 2007. Jurisdiction over Aitoro's supervised release was transferred to the District of New Jersey on November 19, 2008.

On August 2, 2009, Aitoro was arrested in Toms River, New Jersey, and charged with terroristic threats and possession of a weapon for an unlawful purpose. On August

2

4, 2009, the United States Probation Office filed a petition for an arrest warrant for Aitoro based on a single violation of supervised release. Aitoro was arrested on September 10, 2009, in Mattapan, New Jersey. An Amended Petition, charging seven additional violations, was filed on March 10, 2010.

On March 12, 2010, Aitoro pleaded no contest, pursuant to an oral agreement with the Government, to one of the eight violations alleged in the Amended Petition. The Government agreed to the dismissal of the remaining violations, and the parties agreed to recommend a sentence of 24 months' imprisonment with no additional supervised release. (A. 56-58.)

Aitoro faced a maximum of 96 months' imprisonment, and his recommended Guidelines range was 18 to 24 months' imprisonment. (A. 43, 55-57.) Aitoro sought a sentence within the Guidelines range with no additional term of supervised release so that he could focus his efforts on defending himself against pending state charges, and the Government sought a sentence of 24 months' imprisonment with no additional term of supervision. (A. 76-77, 88.) The District Court adopted the Government's recommendation as to the term of imprisonment, but imposed a one-year term of supervised release, finding that this punishment was "sufficient but not greater than necessary to redress Mr. Aitoro's breach of trust with the probation department." (A. 91.) This appeal followed, with counsel for Aitoro now seeking leave to withdraw in accordance with the dictates of Anders.

II.

We exercise plenary review in ascertaining, after a complete assessment of the proceedings, whether an appeal is wholly frivolous. In this regard, our inquiry is twofold. First, we must determine whether counsel has adequately fulfilled the obligations imposed by LAR 109.2(a). United States v. Youla, 241 F.3d 296, 300 (3d Cir. 2001). Second, we must confirm, after an independent review of the record, that the appeal does not present any non-frivolous issues. Id.

Counsel fulfills the requirement of LAR 109.2(a) by (1) satisfying "the court that counsel has thoroughly examined the record in search of appealable issues," and (2) explaining why the issues are frivolous. Id. Where the Anders brief appears adequate on its face, we limit our scrutiny to those parts of the record identified in the brief, as well as any issues asserted by the appellant in a pro se brief.[1] Id. at 301.

Counsel presents three arguably non-frivolous issues and explains why each issue is without merit. As counsel points out, following an unconditional plea of guilty, a defendant is generally limited to three appealable issues: (1) the district court's power to enter the conviction or impose the sentence, (2) the validity of his or her plea, and (3) the reasonableness and legality of his or her sentence. See United States v. Broce, 488 U.S. 563, 569 (1989) (following unconditional guilty plea a defendant may only challenge validity of the plea or the court's jurisdiction); Menna v. New York, 423 U.S. 61, 62 n.2,

---

[1] Aitoro was advised by the Court of his right to file a pro se brief, but has elected not to do so. Our review, therefore, is confined to the portions of the record identified in counsel's Anders brief.

4

63 (1975) (per curiam) (valid guilty plea waives preceding constitutional errors unless related to court's authority to "hal[e] a defendant into court on a charge"); 18 U.S.C. § 3742(a) (providing appellate court authority to review sentences).

First, counsel argues that the district court's jurisdiction properly arose under 18 U.S.C. § 3583(e) because the defendant was charged with violating the terms of supervised release. Aitoro has never disputed the jurisdiction of the court. We agree that any argument challenging the court's jurisdiction is without merit.

Second, counsel argues that there is no basis for challenging the validity of Aitoro's plea. In this regard, it is clear that the revocation proceedings complied with Federal Rule of Criminal Procedure 32.1. Aitoro was fully advised of his rights, including his rights to counsel, to remain silent, to testify on his own behalf, and to confront the government witnesses through cross examination, as well as the charges against him. He was also fully informed of the government's burden of proof and the maximum prison term for the alleged violations of supervised release. As to each matter, Aitoro indicated that he understood his rights and that he was pleading no contest of his own free will. (A. 61-69.) Counsel further points out that, under 18 U.S.C. § 3673(1), a plea of nolo contendere has the same legal effect as a plea of guilty. Finally, because he pleaded no contest, the district court established a factual basis for his plea through a government proffer. (A. 71-73.) We agree that, in light of the thorough colloquy conducted by the able District Judge, any argument challenging Aitoro's plea is without merit.

5

Third, counsel argues that Aitoro's sentence is reasonable and legal. The District Court imposed a sentence of six months' imprisonment on each of the four revocations, to be run consecutively, for an aggregate sentence of 24 months' imprisonment, and one year of supervised release. This sentence was within the Guidelines range and was pursuant to the court's authority under 18 U.S.C. § 3583(e)(3) to revoke a term of supervised release and impose a new term of imprisonment. For the sentence to be reasonable, the record must disclose that the District Court "gave meaningful consideration to the [18 U.S.C.] § 3553(a) factors," and "reasonably applied [those factors] to the circumstances of the case." United States v. Cooper, 437 F.3d 324, 329, 330 (3d Cir. 2006), abrogated on other grounds by Kimbrough v. United States, 552 U.S. 85 (1987). Aitoro, as the appellant, bears the burden of demonstrating that his sentence is unreasonable. See id. at 332. Aitoro's counsel asserts, and our independent review of the record confirms, that the District Court meaningfully considered and reasonably applied the Section 3553(a) factors. Therefore, we find any argument challenging Aitoro's sentence to be frivolous as well.

We are satisfied that counsel has conducted a thorough examination of the record and fulfilled the requirements of LAR 109.2(a). Finally, after our independent review of the record, we have been unable to discern any non-frivolous issues to be asserted on appeal. Accordingly, we will affirm the District Court's judgment of March 17, 2010, and grant counsel's motion to withdraw.